NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LINDEN JOHNSON, | : | Civil No. 12-7218 (JAP) |
| Petitioner, | : | |
| v. | : | OPINION |
| BRIAN ELWOOD, et al., | : | |
| Respondents. | : | |

**APPEARANCES**:

    LINDEN JOHNSON, A 072 215 088, Petitioner Pro Se
    Monmouth County Correctional Institution
    1 Waterworks Road
    Freehold, New Jersey 07728

**PISANO**, District Judge:

On November 13, 2012, Linden Johnson, a native and citizen of Jamaica, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention at Monmouth County Correctional Institution in the custody of the Department of Homeland Security ("DHS"). Because Johnson's detention under 8 U.S.C. § 1231(a)(6) is presumptively reasonable, see Zadvydas v. Davis, 533 U.S. 678, 701 (2001), this Court will dismiss the Petition.

**I. BACKGROUND**

Linden Johnson, a native and citizen of Jamaica, challenges his detention in the custody of DHS at Monmouth County Correctional Institution in New Jersey. Johnson asserts that he was admitted to the United States in 1989, and he became a lawful permanent resident on April 4, 1994. On October 9, 1998, he pled guilty to criminal sale of marijuana in New York, and he was sentenced

to a $500 fine (which he paid). On January 28, 2005, he pled guilty in New York to criminal possession of marijuana and was sentenced to a $500 fine (which he paid).

Johnson asserts that on July 28, 2011, DHS took him into custody. On December 22, 2011, DHS issued a notice of custody determination stating that he will be detained pending a final determination by the immigration judge and he may not request a review of the determination by an immigration judge because the Immigration and Nationality Act, 8 U.S.C. § 1226(c), prohibits his release from custody pending the outcome of the removal proceeding. On May 4, 2012, an Immigration Judge ordered Johnson's removal from the United States. Johnson appealed, and on August 24, 2012, the Board of Immigration Appeals ("BIA") dismissed the appeal. (Dkt. 1 at 4.) See Matter of Johnson, 2012 WL 3911807 (BIA Aug. 24, 2012). Johnson does not assert that he filed a petition for review in the Court of Appeals, but without further elaboration, he states that his "attorney has requested for ICE to dismiss the removal proceedings." (Dkt. 1 at 4.) This Court's independent research on PACER indicates that no petition for review has been filed.

Johnson executed the § 2241 Petition presently before this Court on November 13, 2012. In the Petition, Johnson challenges his pre-removal period mandatory detention, pursuant to 8 U.S.C. § 1226(c), without the possibility of release on bond. First, he argues that his pre-removal period detention is governed by 8 U.S.C. § 1226(a) (which allows the Immigration Judge to release him on bond), rather than § 1226(c)(1) (which does not authorize release on bond), because DHS did not take him into custody on January 28, 2005, when he was last sentenced for an offense specified in 8 U.S.C. § 1226(c)(1), but instead waited until July 28, 2011, when he was released from non-immigration custody on a charge not related to the removable offenses. Second, he argues that he is not subject to mandatory pre-removal period detention under § 1226(c) because he has a

2

substantial claim that he is eligible for a § 212(c) waiver. He seeks an order directing DHS to show within three days why he should not be immediately released from custody under supervision or why this Court should not order a constitutionally adequate hearing at which DHS must show that his detention is justified.

## II. DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, see Spencer v. Kemna, 523 U.S. 1, 7 (1998), and he asserts that his detention is not statutorily authorized and violates his constitutional rights. See Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir.2005).

B.  Standard of Review

Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and to dismiss the petition if the petitioner is not entitled to relief. See 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). Habeas Rule 4 provides in relevant part:

> The clerk must promptly forward the petition to a judge . . . and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

>relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985). Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief." Id.; see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C.  Legality of Detention

The statutory authority to detain an alien depends on where the alien is in the removal process. See Leslie v. Attorney General of U.S., 678 F.3d 265, 268-71 (3d Cir. 2012). Section 1226 governs the pre-removal period detention of an alien. Section 1226(a) authorizes the Attorney General to arrest and detain an alien pending a decision on whether the alien is to be removed from the United States, or to release him or her on bond, "except as provided in subsection (c)." See 8 U.S.C. § 1226(a). The exception in § 1226(c) commands that the Attorney General "shall take into custody any alien [specified in this subsection] when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." 8 U.S.C. § 1226(c)(1). An alien detained under § 1226(c) must be detained until his removal is final, regardless of whether he is a flight risk or danger to the community, unless the Attorney General determines that the alien should

be part of the federal witness protection program, provided detention has not become unreasonably prolonged. See Diop v. ICE/Homeland Sec., 656 F. 3d at 232 ("At a certain point, continued detention becomes unreasonable and the Executive Branch's implementation of § 1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing inquiring into whether continued detention is consistent with the law's purposes of preventing flight and dangers to the community").

Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period." See 8 U.S.C. § 1231(a)(1)(A) ("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") This 90-day removal period begins "on the latest of the following:"

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires the DHS to detain aliens during this 90-day removal period. See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if the DHS does not remove the alien during this 90-day removal period, then 8 U.S.C. § 1231(a)(6) authorizes the DHS to thereafter release or continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. Id. at 701.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701.

In his Petition, Johnson asserts that DHS is confining him under 8 U.S.C. § 1226(c), which does not allow an alien to be released on bond, even if he or she is neither a flight risk nor a danger to the community. He asks this Court to find that his detention is governed by § 1226(a), which authorizes his release on bond. But the BIA dismissed his appeal from the order of removal on

August 24, 2012, and Johnson does not allege that he filed a petition for review or that the BIA has reopened his removal proceeding. Accordingly, Johnson's order of removal became administratively final on August 24, 2012, when the BIA affirmed the Immigration Judge and dismissed his appeal.[1] Since 8 U.S.C. § 1231(a)(1)(B)(i) provides that the removal period begins on the "date the order of removal becomes administratively final," Johnson's removal period began on August 24, 2012. The removal period ran from August 24, 2012, through November 24, 2012. As previously explained, § 1231(a)(2) requires the DHS to detain aliens during this 90-day removal period. See 8 U.S.C. § 1231(a)(2). The six-month presumptively reasonable period of post-removal-period detention under Zadvydas will not expire until February 24, 2013. Therefore, Johnson's detention until February 24, 2013, is presumptively reasonable under the holding of Zadvydas.

    Moreover, even if Johnson's presumptively reasonable period of post-removal period detention were expired, he would not be entitled to habeas relief on this Petition because he does not assert facts "provid[ing] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701; see also Barenboy v. Attorney General of U.S., 160 Fed. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . . Only then does the burden shift to

---

[1] An order of removal becomes "final upon the earlier of - (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B); see also 8 C.F.R. § 1241.1; Giraldo v. Holder, 654 F.3d 609, 611 (6th Cir. 2011); Hakim v. Holder, 611 F.3d 73, 77 (1st Cir. 2010); Chupina v. Holder, 570 F.3d 99, 103 (2d Cir. 2009); United States v. Calderon-Minchola, 351 Fed. App'x 610, 611 n.1 (3d Cir. 2009).

the Government, which must respond with evidence sufficient to rebut that showing") (citation and internal quotation marks omitted).

To summarize, Johnson's detention is statutorily authorized by § 1231(a)(6), as interpreted by Zadvydas, because he has not been detained longer than the presumptively reasonable six-month period, which began on August 24, 2012, and will not end until February 24, 2013.  This Court will dismiss the Petition because Johnson does not assert facts showing that his detention is statutorily unauthorized or violates due process.[2]  See, e.g., Akinwale v. Ashcroft, 287 F. 3d 1050, 1052 (11th Cir. 2002) ("in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future").

### III.  CONCLUSION

The Court will dismiss the Petition.

/s/ Joel A. Pisano
**JOEL A. PISANO, U.S.D.J.**

DATED: November 29, 2012

---

[2] The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case) in the event that:  (1) the BIA vacates the order of removal, or (2) the six-month presumptively reasonable period of detention has expired (on February 24, 2013) and Johnson can allege facts showing that there is good reason to believe that there is no significant likelihood of his removal to Jamaica in the reasonably foreseeable future.  See Akinwale, 287 F. 3d at 1052 ("Because circumstances may ultimately change in [petitioner's] situation, we affirm the dismissal [of his habeas petition] without prejudice to [his] ability to file a new § 2241 petition in the future").  In addition, if Petitioner believes he is unlikely to be removed in the near future, he may request the DHS to review his situation.  See 8 C.F.R. § 241.13(d)(1) ("An eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. The alien may submit whatever documentation to the HQPDU he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future").